**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD ANDERMANN and ANNA ANDERMANN, | |
| Plaintiffs, | |
| v. | Case No.   14 cv 1004 |
| NEXTEL RETAIL STORES, LLC d/b/a SPRINT, | TRIAL BY JURY REQUESTED |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiffs Anna Andermann and Ronald Andermann ("the Andermanns"), by their attorneys, bring this action on behalf of themselves and all other persons similarly situated against Defendant, Nextel Retail Stores, LLC d/b/a Sprint ("Sprint"). In support of their Class Action Complaint, the Andermanns state:

**PRELIMINARY STATEMENT**

1.      This case challenges Sprint's practice of violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in furtherance of Sprint's marketing efforts by making unsolicited and unauthorized advertising calls to non-customer cellular phones without consent via an automatic dialing system.

2.      The TCPA prohibits a person or entity from using an automatic dialing system or artificial or prerecorded voice to dial cellular phones without the recipient's prior express written consent.

3.      Sprint's practice is willful and intentionally directed to cellular phones and/or mobile devices and is a direct violation of the TCPA.

4.      The TCPA provides a private right of action and provides statutory damages of $500-1500 per violation.

5.      On behalf of himself and all others similarly situated, the Andermanns brings this case as a class action asserting a claim against Sprint under (a) the TCPA; (b) the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/2; and (c) the Illinois Restricted Call Registry Act ("Do-Not-Call Act"), 815 ILCS 402/50.

**PARTIES**

6.      Ronald Andermann is a resident of Illinois and maintains his domicile in Cook County, Illinois.

7.      Anna Andermann is a resident of Illinois and maintains her domicile in Cook County, Illinois.

8.      Sprint is a Delaware corporation and maintains its headquarters in Overland Park, Kansas.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Sprint's violation of the TCPA presents a federal question.

10.      This Court has subject matter jurisdiction over the related Illinois state law claim pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in this District under 28 U.S.C. § 1391 because Sprint's violation of the TCPA took place in this District.

12.      Personal jurisdiction for the related Illinois state law claims exists under 735 ILCS 5/2-209 because Sprint has: (a) committed tortuous acts in Illinois by making unsolicited advertising calls to residents of Illinois; and (b) transacted business in Illinois.

## DEMAND FOR JURY TRIAL

13.     Pursuant to Federal Rule of Civil Procedure 38(b)(1), the Andermans request a trial by jury on the claims so triable.

## FACTS

14.     On or about July 20, 2000, the Andermanns obtained cellular service for two separate cellular subscriber units from U.S. Cellular.

15.     On or about January 18, 2012, the Andermanns registered both numbers for their cellular subscriber units with the National Do-Not-Call Registry.

16.     On or about May 17, 2013, Sprint purchased from U.S. Cellular its cellular frequency spectrum which covered Chicago, St. Louis, and the surrounding regions.

17.     On or about September 25, 2013, Sprint sent the Andermanns a letter notifying them that their U.S. Cellular provided cellular service would be deactivated on January 31, 2014.

18.     On November 23, 2013, the Andermanns contacted Consumer Cellular, Inc. about transferring their cellular service. On December 4, 2013, Consumer Cellular, Inc. transferred both cellular phone numbers previously issued by U.S. Cellular to the Andermanns' new service with Consumer Cellular, Inc.

19.     On December 17, 2013, the Andermanns received an unsolicited marketing call from Sprint to each of the two cellular phone numbers issued to them under their account with Consumer Cellular, Inc. On December 19, 2013, Sprint made a second unsolicited marketing call to each of the Andermanns' cellular phones. On December 23, 2013, Sprint made a third unsolicited marketing call to each of the Andermanns' cellular phones. In total, the Andermanns received six unsolicited marketing calls from Sprint.

20.     Sprint made the unsolicited marketing calls to the Andermanns' cellular phone numbers from 877-624-0262, which is a telephone number owned and/or used by Sprint. The calls from Sprint to the Andermanns were placed using a predictive dialer and/or an automated dialing system. The marketing calls to the Andermanns' cellular phone numbers had the single purpose of promoting Sprint's services.

21.     The Andermanns did not authorize the automated placement of calls to their cellular phone numbers. The Andermanns did not consent to receiving marketing calls from Sprint. The Andermanns have not purchased, or otherwise discussed purchasing, cellular service from Sprint.

22.     Upon information and belief, Sprint made numerous similar unsolicited marketing calls several times as to many similarly situated persons and, therefore, should be liable for statutory damages under the TCPA, the ICFA, and the Do-Not-Call Act. Sprint should also be enjoined from committing similar violations in the future.

## COUNT I
## (VIOLATION OF THE TCPA)

23.     The Andermanns reallege paragraphs 1 through 21.

24.     The TCPA makes unlawful the use of automated telephone equipment to make any call to any number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

25.     The Federal Communications Commission ("FCC") has required entities to obtain prior express written consent before making calls to cellular phone numbers which advertise the commercial availability of goods or services. 47 C.F.R. § 64.1200.

26.     The TCPA, 47 U.S.C. § 227(b)(3), provides:

> (3)     PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:

4

(A)    an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    both such actions.

27.    The Court, it its discretion, can treble the statutory damages if the violation was willful or knowing. 47 U.S.C. § 227.

28.    The Andermanns and each class member were damaged by Sprint's unsolicited marketing calls, which were made via an automated dialing system.

29.    The Andermanns and each class member are entitled to statutory damages.

30.    Sprint violated the TCPA even if its actions were only negligent.

31.    Sprint should be enjoined from committing similar violations in the future.

32.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Andermanns brings this claim on behalf of a class, consisting of:

a.    All persons who: (i) from on or after four years prior to the filing of this action, (ii) were recipients of calls to their cellular phone numbers advertising the commercial availability of any property, goods, or services by or on behalf of Sprint, and (iii) with respect to whom Sprint cannot provide evidence of prior express written consent.

33.    The class is so numerous that joinder of all members is impractical. The Andermanns allege on information and belief that there are more than 40 members of the class.

34.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

35.    The Andermanns will fairly and adequately protect the interests of the class. The Andermanns have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither the Andermanns nor their counsel have any interests adverse to or in conflict with the absent class members.

5

36.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, Ronald Andermann and Anna Andermann, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in their favor and against Sprint as follows:

a.    Adjudge and decree that the present case may be properly maintained as a class action, appoint the Andermanns as the representative of the class, and appoint the Andermanns' counsel as class counsel;

b.    Award $500.00 in statutory damages for each violation of the TCPA;

c.    Award $1,500.00 in statutory damages for each willful violation of the TCPA;

d.    Enter an injunction prohibiting Sprint from engaging in the statutory violations at issue in this action; and

e.    Award costs and such further relief as the Court may deem just and proper.

## COUNT II
## (VIOLATION OF THE ICFA)

37.    The Andermanns reallege paragraphs 1 through 21.

38.    Sprint engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by making unsolicited marketing calls via an automated dialing system to the cell phones of the Andermanns and others.

39.    Sprint engaged in unfair acts and practices in the course of trade and commerce because they sent the unsolicited marketing calls at issue to advertise the availability of Sprint's goods and/or services.

40.    Making unsolicited marketing calls is contrary to the TCPA and public policy.

41. Sprint engaged in oppressive conduct by making numerous unsolicited marketing calls via an automated dialing system to the cell phones of the Andermanns and other class members.

42. Sprint's conduct causes substantial injury to Illinois consumers because they are required to bear the costs of Sprint's advertising. Illinois consumers have their cellular telephones on or near their person at almost all times, and suffer injury due to the interruptions of their daily lives when they receive unsolicited marketing calls to their cellular phones. Illinois consumers use a portion of the minutes provided under their cellular service plan when they answer unsolicited marketing calls.

43. Sprint should be enjoined from committing similar violations in the future.

44. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Andermanns brings this claim on behalf of a class, consisting of:

    a. All Illinois residents who (i) from on or after three years prior to the filing of this action, (ii) were recipients of calls to their cellular phone numbers advertising the commercial availability of any property, goods, or services by or on behalf of Sprint, and (iii) with respect to whom Sprint cannot provide evidence of prior express written consent.

45. The class is so numerous that joinder of all members is impractical. The Andermanns allege on information and belief that there are more than 40 members of the class.

46. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

47. The Andermanns will fairly and adequately protect the interests of the class. The Andermanns has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither the Andermanns nor their counsel have any interests adverse to or in conflict with the absent class members.

48.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, Plaintiff Ronald Andermann and Anna Andermann, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in their favor and against Sprint as follows:

a.  Adjudge and decree that the present case may be properly maintained as a class action, appoint the Andermanns as the representative of the class, and appoint the Andermanns' counsel as class counsel;

b.  Award actual damages;

c.  Award punitive damages;

d.  Enter an injunction prohibiting Sprint from engaging in the statutory violations at issue in this action;

e.  Award the Andermanns their reasonable attorneys' fees and costs of suit; and

f.  Such further relief as the Court may deem just and proper.

## COUNT III
## (VIOLATION OF THE DO-NOT-CALL ACT)

49.     The Andermanns reallege paragraphs 1 through 21.

50.     The Do-Not-Call Act prohibits any telephone solicitation calls made to a residential subscriber 45 days after the residential subscriber has placed his or her telephone number on the National Do-Not-Call Registry. 815 ILCS 402/10.

51.     A party which violates the Do-Not-Call Act is liable for statutory damages of $500 per violation. 815 ILCS 402/50.

52. The Andermanns are "residential subscribers" within the meaning of the Do-Not-Call Act because they subscribed to a public mobile service as defined by 220 ILCS 5/13-214. 815 ILCS 402/5(a).

53. On or about January 18, 2012, the Andermanns placed both of their cellular telephone numbers on the National Do-Not-Call Registry.

54. Sprint violated the Do-Not-Call Act by making a telephone solicitation to the Andermanns more than one year after they placed both of their cellular telephone numbers on the National Do-Not-Call Registry.

55. Sprint violated the Do-Not-Call Act even if its actions were only negligent.

56. The Andermanns are entitled to statutory damages for Sprint's violation of the Do-Not-Call Act.

57. Sprint should be enjoined from committing similar violations in the future.

58. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Andermanns brings this claim on behalf of a class, consisting of:

    a. All Illinois residents who (i) from on or after one years prior to the filing of this action, (ii) had previously placed their telephone numbers on the National Do-Not-Call Registry; and (iii) were recipients of calls 45 days after placing their telephone numbers on the National Do-Not-Call Registry advertising the commercial availability of any property, goods, or services by or on behalf of Sprint.

59. The class is so numerous that joinder of all members is impractical. The Andermanns allege on information and belief that there are more than 40 members of the class.

60. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

61. The Andermanns will fairly and adequately protect the interests of the class. The Andermanns has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither the Andermanns nor their counsel have any interests adverse to or in conflict with the absent class members.

62.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, Plaintiff Ronald Andermann and Anna Andermann, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in their favor and against Sprint as follows:

   a.  Adjudge and decree that the present case may be properly maintained as a class action, appoint the Andermanns as the representative of the class, and appoint the Andermanns' counsel as class counsel;

   b.  Award $500.00 in statutory damages for each violation of the Do-Not-Call Act;

   c.  Enter an injunction prohibiting Sprint from engaging in the statutory violations at issue in this action; and

   d.  Such further relief as the Court may deem just and proper.

RONALD ANDERMANN and
ANNA ANDERMANN

By:  /s/ Vincent L. DiTommaso
   Vincent L. DiTommaso

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTOMMASO ♦ LUBIN, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
vdt@ditommasolaw.com