# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD ANDERMANN and ANNA ANDERMANN, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINTSPECTRUM L.P., <br><br> Defendant. | No. 14-cv-1004 <br><br> Honorable Rebecca R. Pallmeyer <br><br> TRIAL BY JURY REQUESTED |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Anna Andermann and Ronald Andermann ("the Andermanns"), by their attorneys, bring this action on behalf of themselves and all other persons similarly situated against Defendant, Sprint Spectrum L.P. ("Sprint"). In support of their First Amended Class Action Complaint, the Andermanns state:

## PRELIMINARY STATEMENT

1. This case challenges Sprint's practice of violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in furtherance of Sprint's marketing efforts by making unsolicited and unauthorized advertising calls to non-customer cellular phones without consent via an automatic dialing system.

2. The TCPA prohibits a person or entity from using an automatic dialing system or artificial or prerecorded voice to dial cellular phones without the recipient's prior express written consent.

3. Sprint's practice is willful and intentionally directed to cellular phones or mobile devices, or both, and is a direct violation of the TCPA.

4. The TCPA provides a private right of action and provides statutory damages of $500-1500 per violation.

## PARTIES

5. Ronald Andermann is a resident of Illinois and maintains his domicile in Cook County, Illinois.

6. Anna Andermann is a resident of Illinois and maintains her domicile in Cook County, Illinois.

7. Sprint is a Delaware limited partnership that maintains its headquarters in Overland Park, Kansas.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Sprint's violation of the TCPA presents a federal question.

9. This Court has subject matter jurisdiction over the related Illinois state law claim pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Sprint's violation of the TCPA took place in this District.

## DEMAND FOR JURY TRIAL

11. Pursuant to Federal Rule of Civil Procedure 38(b)(1), the Andermanns request a trial by jury on the claims so triable.

## FACTS

12. On or about July 20, 2000, the Andermanns entered into an agreement with U.S. Cellular where it agreed to provide the Andermanns with cellular service for the telephone number 847-338-▇▇▇▇. On or about every two years after July 20, 2000, the Andermanns

renewed their agreement with U.S. Cellular for the telephone number 847-338-▮▮▮▮. On or about December 29, 2012, the Andermanns renewed their agreement for the telephone number 847-338-▮▮▮▮ for a 2 year term.

13. On or about December 23, 2004, the Andermanns entered into an agreement with U.S. Cellular where it agreed to provide the Andermanns with cellular service for the telephone number 224-489-▮▮▮▮. On or about every two years after December 23, 2004, the Andermanns renewed their agreement with U.S. Cellular for the telephone number 224-489-▮▮▮▮. On or about April 10, 2012, the Andermanns renewed their agreement for the telephone number 224-489-▮▮▮▮ for a 2 year term.

14. The Andermanns' agreements with U.S. Cellular for both numbers provided in pertinent part:

> U.S. Cellular: TERMS AND CONDITIONS OF AGREEMENT
>
> Term/Termination/Early Termination Fee. This Agreement is effective on the day we activate your Service and continues until terminated in a manner as provided below. You may terminate Service at any time by notifying U.S. Cellular. Termination by you shall be effective immediately unless you request a later termination date. *A request to port your number is a request by you to terminate Service immediately*. (Emphasis added).

15. On or about May 17, 2013, Sprint purchased from U.S. Cellular its cellular frequency spectrum which covered Chicago, St. Louis, and the surrounding regions.

16. On or about September 25, 2013, Sprint sent the Andermanns a letter notifying them that their U.S. Cellular provided cellular service would be deactivated on January 31, 2014.

17. On December 4, 2013, Consumer Cellular, Inc., at the request of the Andermanns, transferred or "ported" both cellular phone numbers previously issued by U.S. Cellular to the Andermanns' new service with Consumer Cellular, Inc.

3

18. On December 17, 2013, the Andermanns received an unsolicited marketing call from Sprint to each of the two cellular phone numbers issued to them under their account with Consumer Cellular, Inc. On December 19, 2013, Sprint made a second unsolicited marketing call to each of the Andermanns' cellular phones. On December 23, 2013, Sprint made a third unsolicited marketing call to each of the Andermanns' cellular phones. In total, the Andermanns received six unsolicited marketing calls from Sprint.

19. Sprint made the unsolicited marketing calls to the Andermanns' cellular phone numbers from 877-624-0262, which is a telephone number owned and/or used by Sprint. The calls from Sprint to the Andermanns were placed using a predictive dialer and/or an automated dialing system. The marketing calls to the Andermanns' cellular phone numbers had the single purpose of promoting Sprint's services.

20. The Andermanns did not authorize the automated placement of calls to their cellular phone numbers. The Andermanns did not consent to receiving marketing calls from Sprint. The Andermanns have not purchased, or otherwise discussed purchasing, cellular service from Sprint.

21. Upon information and belief, Sprint made numerous similar unsolicited marketing calls several times as to many similarly situated persons and, therefore, should be liable for statutory damages under the TCPA. Sprint should also be enjoined from committing similar violations in the future.

## VIOLATION OF THE TCPA

22. The Andermanns reallege paragraphs 1 through 21.

23. The TCPA makes unlawful the use of automated telephone equipment to make any call to any number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

4

24. The Federal Communications Commission ("FCC") has required entities to obtain prior express written consent before making calls to cellular phone numbers which advertise the commercial availability of goods or services. 47 C.F.R. § 64.1200.

25. The TCPA, 47 U.S.C. § 227(b)(3), provides:

> (3) PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.

26. The Court, it its discretion, can treble the statutory damages if the violation was willful or knowing. 47 U.S.C. § 227.

27. The Andermanns and each putative class member were damaged by Sprint's unsolicited marketing calls, which were made via an automated dialing system.

28. The Andermanns and each putative class member are entitled to statutory damages.

29. Sprint violated the TCPA even if its actions were only negligent.

30. Sprint should be enjoined from committing similar violations in the future.

31. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Andermanns bring this claim on behalf of a putative class, consisting of all persons who: (i) from September 2013 to the present; (ii) were recipients of calls to their cellular phone numbers advertising the commercial availability of any property, goods, or services by or on behalf of Sprint; (iii) were customers of U.S. Cellular prior to May 17, 2013; (iv) "ported" their numbers to a cellular service provider

5

other than Sprint after May 17, 2013; and (iv) did not provide to Sprint prior express written consent to such advertising.

32. The putative class is so numerous that joinder of all members is impractical. The Andermanns allege on information and belief that there are more than 40 members of the putative class.

33. There are questions of law and fact common to the putative class that predominate over any questions affecting only individual putative class members.

34. The Andermanns will fairly and adequately protect the interests of the putative class. The Andermanns have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither the Andermanns nor their counsel have any interests adverse to or in conflict with the absent putative class members.

35. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual putative class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

[remainder of this page intentionally left blank]

WHEREFORE, Plaintiffs, Ronald Andermann and Anna Andermann, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in their favor and against Sprint as follows:

a. Adjudge and decree that the present case may be properly maintained as a class action, appoint the Andermanns as the representative of the putative class, and appoint the Andermanns' counsel as class counsel;

b. Award $500.00 in statutory damages for each violation of the TCPA;

c. Award $1,500.00 in statutory damages for each willful violation of the TCPA;

d. Enter an injunction prohibiting Sprint from engaging in the statutory violations at issue in this action; and

e. Award costs and such further relief as the Court may deem just and proper.

        RONALD ANDERMANN and
        ANNA ANDERMANN

        By: /s/ Vincent L. DiTommaso
        Vincent L. DiTommaso

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTommaso ♦ Lubin, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
vdt@ditommasolaw.com